IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM M. AYZE,

    Plaintiff,

v.                                                                                     CV 20-0338 JB/JHR

KILOLO KIJAKAZI, Acting Commissioner,
Social Security Administration,[1]

    Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Before the Court is Plaintiff William M. Ayze's Motion and Memorandum in Support of Motion to Reverse or Remand Administrative Agency Decision [Doc. 23], fully briefed on May 25, 2021. [Docs. 25, 26]. Pursuant to 28 U.S.C. § 636(b), this matter was referred to the undersigned Magistrate Judge to recommend a final disposition. [Doc. 17]. Having reviewed the parties' submissions, the relevant law, and the relevant portions of the Administrative Record, I find that the administrative law judge ("ALJ") who decided this case failed to apply binding circuit precedent requiring analysis of Mr. Ayze's nonsevere impairments when formulating his residual functional capacity ("RFC"), rendering the Commissioner's final decision in this case unsupported by law and substantial evidence. I therefore **recommend** that Mr. Ayze's Motion be **granted in part**, and this case be **remanded** to the Social Security Administration for further proceedings.

### I.    INTRODUCTION

This Court's role in a Social Security appeal is specific and narrow. Ordinarily, the Commissioner's decision must be affirmed where the correct legal standards are applied and the

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure Kilolo Kijakazi, Acting Commissioner of the Social Security Administration, is substituted for former Commissioner Andrew Saul as the Defendant in this suit.

decision is supported by substantial evidence. These standards are deferential; however, the reviewing Court must be able to follow the adjudicator's reasoning, and the law must be followed.

In this case, the Commissioner found that Mr. Ayze retains the residual functional capacity ("RFC") to work in his past capacity as a computer assisted drafter at step four of the sequential evaluation process. However, in coming to this conclusion, the administrative law judge ("ALJ") assigned to this case failed to consider the "total limiting effects" of Mr. Ayze's non-severe impairments on his RFC. *See* 20 C.F.R. §§ 404.1545(e), 416.945(e). This was clear legal error under binding circuit precedent, and it may have harmed Mr. Ayze because if the effects of his nonsevere impairments had been considered his RFC might have been more limited than the limited range of sedentary work found in this case. Thus, while the Commissioner may ultimately come to the same ultimate conclusion on remand that Mr. Ayze is not disabled under the Social Security Act, without the correct analysis this Court has no choice but to remand this case for further administrative proceedings.

## II.     PROCEDURAL HISTORY

Mr. Ayze filed an application seeking disability insurance benefits under Title II of the Social Security Act on May 2, 2016 and subsequently filed for Title XVI supplemental security income benefits on May 31, 2016. *AR* at 203-213.[2] In his applications Mr. Ayze alleged that his conditions, which included back injury, heart disease, diabetes and arthritis, *AR* at 74-75, rendered him unable to work as of July 7, 2014. *AR* at 75, 203. The Administration denied Mr. Ayze's claims initially and upon reconsideration, and he requested a *de novo* hearing before an ALJ. *AR* at 72-148.

---

[2] Document 20-1 comprises the sealed Certified Transcript of the Administrative Record ("*AR*"). The Court cites the Record's internal pagination rather than the CM/ECF document number and page.

ALJ Michael Leppala held an evidentiary hearing on August 2, 2018, at which Mr. Ayze and a vocational expert testified. *AR* at 29-71. Mr. Ayze testified that he is limited by his physical and mental conditions, specifically including his back injury, diabetes, anxiety, and the fatigue, pain, swelling and drowsiness from his medications. *See AR* at 39-54. After listening to Mr. Ayze's testimony, the vocational expert stated that a person with Mr. Ayze's hypothetical limitations could continue to work as a computer assisted drafter, his past relevant work. *AR* at 58-59. However, when she was asked if a person could maintain competitive employment if unable to maintain concentration, persistence and pace for two hours at a time within the normal workday she answered that "any timeframe beyond [] 10% per day, per week, per hour, is going to make it difficult to be able to complete tasks successfully without errors and omission." *AR* at 60. And, later, Mr. Ayze's attorney was told by the ALJ that if Mr. Ayze was found to be limited to unskilled work then he would be found disabled. *See AR* at 68-69.

Nonetheless, relying on the vocational expert's testimony the ALJ issued an unfavorable decision on January 30, 2019. *AR* at 12-27. Mr. Ayze submitted a Request for Review of the ALJ's decision to the Appeals Council, which the Council denied on February 18, 2020. *AR* at 1-6, 202. As such, the ALJ's decision became the final decision of the Commissioner. *Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003).

Mr. Ayze filed a timely Complaint appealing the decision on April 14, 2020. [*See* Doc. 1]. This Court has jurisdiction to review the final decision pursuant to 42 U.S.C. § 405(g) and 20 C.F.R. § 422.210(a). After preliminary delays, District Judge James O. Browning and the undersigned Magistrate Judge were assigned to the case, Judge Browning referred the case to me, and briefing was completed on May 25, 2021. [Docs. 17, 17, 26].

### III.     THE COMMISSIONER'S FINAL DECISION

A claimant seeking disability benefits must establish that he is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The Commissioner must use a five-step sequential evaluation process to determine eligibility for benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).[3]

At step one of the sequential evaluation process, the ALJ found that Mr. Ayze has not engaged in substantial gainful activity since his alleged onset date. *AR* at 17. At step two, he determined that Mr. Ayze has the severe impairments of "degenerative disc disease of the lumbar spine, status-post postlateral L5-S1 fusion, and degenerative disc disease of the cervical spine with severe spinal canal stenosis, and severe left neural foraminal narrowing[.]" *AR* at 18. The ALJ further found that Mr. Ayze's diabetes mellitus, depression and anxiety cause no more than minimal limitations on his abilities and are thus nonsevere. *Id.* However, in reaching this finding the ALJ determined that Mr. Ayze's mental limitations cause mild limitations in his ability to concentrate, persist and maintain pace. *Id.* At step three, the ALJ concluded that Mr. Ayze's impairments, individually and in combination, do not meet or medically equal the regulatory "listings." *AR* at 19.

When a claimant does not meet a listed impairment, the ALJ must determine his residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). RFC is a multidimensional description of the work-related abilities a plaintiff retains in spite of his impairments. *See* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). "RFC is not the *least* an individual can do despite his or her

---

[3] The Tenth Circuit summarized these steps in *Allman v. Colvin*, 813 F.3d 1326, 1333 n.1 (10th Cir. 2016).

limitations or restrictions, but the *most*." SSR 96-8p, 1996 WL 374184, at *1. In this case, the ALJ determined that Mr. Ayze

> is limited to occasionally lifting of ten pounds, standing and or walking for about two hours in an eight-hour workday and sitting for about six hours in an eight-hour workday, all with normal breaks. He is further limited to occasionally climbing ramps or stairs, balancing, stooping, kneeling, crouching and crawling, and never climbing ladders, ropes, or scaffolds. [He] has the residual functional capacity to perform less than the full range of sedentary work as defined in 20 C[.]F[.]R[.] 404.1567(a) and 416.967(a),

*AR* at 19.

Employing this RFC at step four, and relying on the vocational expert's testimony, the ALJ determined that Mr. Ayze is capable of performing his past relevant work as a computer assisted drafter. *AR* at 22. Accordingly, the ALJ determined that Mr. Ayze is not disabled as defined in the Social Security Act and denied him benefits under Titles II and XVI. *AR* at 22.

## IV. STANDARD OF REVIEW

This Court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (quoting Mays v. Colvin, 739 F.3d 569, 571 (10th Cir. 2014)). A deficiency in either area is grounds for remand. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012).

## V. ISSUES PRESENTED

1. Whether the ALJ erred in discounting Mr. Ayze's testimony or failing to reference the corroborating statement of his former employer? [Doc. 23-1, p. 15].

2. Whether the ALJ erred by failing to consider Mr. Ayze's non-severe impairments when formulating his residual functional capacity? [Doc. 23-1, p. 18].

3.	Whether the ALJ erred in failing to make findings regarding the demands of Mr. Ayze's past work when deciding to deny benefits at step four? [Doc. 23-1, p. 17].

4.	Whether the ALJ erred in failing to resolve inconsistencies between the vocational expert's testimony and the dictionary of occupational titles? [Doc. 23-1, p. 20].

## VI.	ANALYSIS

In addition to the issue of whether his non-severe impairments were included in the RFC, Mr. Ayze raises a number of other issues, summarized above. [*See generally* Doc. 23-1]. Because the Court agrees that the ALJ erred as a matter of law by failing to discuss Mr. Ayze's non-severe impairments when formulating his RFC, it will not address her other claims of error, "because they may be affected by the ALJ's treatment of this case on remand." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003); *see also Bryant*, 2018 WL 6133387, at *5 (citing *Watkins* for this proposition).

Mr. Ayze's opening brief cites this Court's decision in *Medina v. Berryhill*, CV 17-1069 JHR (D.N.M. Feb. 11, 2019), as well as the case it relied on, *Wells v. Colvin*, 727 F. 3d 1061 (10th Cir. 2013). Rather than distinguishing these cases the Commissioner appears to have ignored them. However, as was made clear then, a claimant's nonsevere impairments cannot be ignored when determining RFC. Under the regulations the Commissioner "*will* consider the limiting effects of all your impairment(s), even those that are not severe, in determining your residual functional capacity." 20 C.F.R. §§ 404.1545(e), 416.945(e) (emphasis added). This is because symptoms from other impairments "may cause a limitation of function beyond that which can be determined on the basis of the anatomical, physiological or psychological abnormalities considered alone[.]" *Id.* In assessing the total limiting effects of a claimant's impairments, the Commissioner will consider all of the evidence, including the objective medical evidence, the claimant's activities of

daily living, precipitating and aggravating factors, and treatment received for an impairment (including medication). *Id.*; 20 C.F.R. §§ 404.1529(c), 416.929(c).

Mr. Ayze argues that the ALJ failed to include limitations from his diabetes mellitus, depression and anxiety, which he found to be non-severe impairments at step two, in formulating his RFC. [Doc. 23-1, p. 18]. He points out that even the ALJ found that his mental impairments would cause mild limitations concentrating, persisting, and maintaining pace when he assessed these impairments at step two. [*Id.*]. The Commissioner posits that Mr. Ayze's arguments are ill-founded, primarily because Mr. Ayze points to no functional impairments that are separate from the ones already assessed in the RFC, the ALJ assessed these impairments at step two, and there was no medical opinion in the record suggesting limitations beyond those included in the RFC. [*See* Doc. 25, pp. 12-13]. The Court finds that Mr. Ayze has the better argument.

Steps two and four of the sequential evaluation are distinct. *See* 20 C.F.R. § 416.920(a)(4). Here, the ALJ acknowledged Mr. Ayze's diabetes mellitus, depression and anxiety explicitly at step two, where he determined that they were non-severe as a matter of law. *AR* at 18-19. The ALJ then went on to say that he was considering all symptoms when formulating Mr. Ayze's RFC. *AR* at 19. However, as the Commissioner concedes, nowhere in his discussion of Mr. Ayze's RFC does the ALJ actually mention his nonsevere impairments or the effects they might have on his residual functional capacity. *See AR* at 19-22. This is clear legal error, for the reasons described above. 20 C.F.R. § 416.945(e) ("[W]e will consider the limiting effects of all your impairment(s), even those that are not severe, in determining your residual functional capacity."); *see also Wells v. Colvin*, 727 F.3d 1061, 1069 (10th Cir. 2013).

As the Tenth Circuit found in *Wells*, "a conclusion that the claimant's mental impairments are non-severe at step two does not permit the ALJ simply to disregard those impairments when

assessing a claimant's RFC and making conclusions at steps four and five." *Id.* The court was faced with a case, similar to this one, where the ALJ clearly addressed the claimant's non-severe impairments at step two, but then failed to adequately analyze them when formulating her RFC. *Id.* However, unlike this case, the ALJ stated that the non-severe limitations found at Step Two did "not result in further limitations in the work-related functions in the RFC assessment below." *Id.* The court reasoned: "[t]he language used suggests that the ALJ may have relied on his step-two findings to conclude that Ms. Wells had no limitation based on her mental impairments. If so, this was inadequate under the regulations and the Commissioner's procedures." *Id.* The same is true here, as the ALJ apparently analyzed Mr. Ayze's non-severe impairments at step two, but there is no evidence that the ALJ considered them when formulating his RFC. The ALJ may not rely on findings at step two when denying benefits at steps four and five.

      The Court further finds that the ALJ's legal error could have harmed Mr. Ayze, necessitating remand for further analysis. As Mr. Ayze points out, the vocational expert testified that any time above 10% off task would preclude competitive employment, responding to a question by the ALJ asking whether a person could maintain employment if unable to maintain concentration, persistence and pace for two hours at a time within a normal workday. [*See* Doc. 23-1, p. 19 (citing *AR* at 59-60)]. Nonetheless, the ALJ included no nonexertional limitations in Mr. Ayze's RFC. While the Administration may decide on remand that decision was appropriate, the Court cannot ignore the ALJ's failure to even consider Mr. Ayze's nonsevere impairments when formulating his RFC in light of existing precedent. Therefore, this case must be remanded for further administrative analysis to determine the effect, if any, that Mr. Ayze's diabetes mellitus, depression and anxiety have on his RFC.

### VII. RECOMMENDATION

The ALJ committed clear legal error by failing to consider the combined effects of Mr. Ayze's non-severe impairments when formulating his RFC and denying benefits at step five. Thus, the case must be remanded. This is not to say that the Commissioner may not reach the same result on remand. However, without the correct application of the law and analysis, this Court cannot confidently say that Mr. Ayze's RFC should not include limitations from his nonsevere impairments.

Wherefore, **IT IS HEREBY RECOMMENDED** that Mr. Ayze's Motion to Remand [Doc. 23] be **granted in part,**[4] and that this case be remanded to the Administration for further proceedings.

_____
JERRY H. RITTER
U.S. MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).

---

[4] The Court recognizes Mr. Ayze's request for an immediate award of benefits and recommends denial of the same. Whether to award benefits when remanding a case is a matter of the Court's discretion. *See Winick v. Colvin*, 674 F. App'x 816, 822 (10th Cir. 2017) (unpublished) (quoting *Salazar v. Barnhart*, 468 F.3d 615, 626 (10th Cir. 2006)). In exercising this discretion, the Court considers factors such as "the length of time the matter has been pending and whether or not given the available evidence, remand for additional fact-finding would serve any useful purpose but would merely delay the receipt of benefits." *Id.* (internal quotation marks omitted). While the Court sympathizes with Mr. Ayze, further fact-finding would serve a useful purpose (and could ostensibly result in a supported denial of benefits) in this case, as the Commissioner may yet conclude that Mr. Ayze's past relevant work is within his RFC. Therefore, the Court should not award benefits but instead remand the case for further analysis by the Administration. In so concluding the Court notes that the Tenth Circuit has denied an immediate award of benefits in a case "pending nearly ten years" which "required numerous remands for further agency decision-making" because "an eventual award of benefits [was] not foreordained on" the record before it. *See Winick*, 674 F. App'x at 822. The same is true here.

**A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**