IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WILLIAM M. AYZE,

       Plaintiff,

v.                                                                           1:20-cv-00338-JB-JHR

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

       Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter comes before the Court on Plaintiff William M. Ayze's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412 [Doc. 30] which was fully briefed on November 15, 2021 [Docs. 33–35]. Pursuant to 28 U.S.C. § 636(b), this matter was referred to me to recommend a disposition. [Doc. 17]. Having reviewed the parties' submissions, the relevant law, and the Administrative Record, I find that the Equal Access to Justice Act entitles Ayze to the attorney's fees he requests less the amount in fees attributable to purely clerical work by his lawyer. I therefore **recommend** that Ayze's Motion be **granted in part** and **denied in part** and that Ayze be awarded **$7,467.30** in attorney's fees.

**I.   INTRODUCTION**

The Equal Access to Justice Act (EAJA) allows plaintiffs to recover attorney's fees when they win a lawsuit against the United States federal government, but the fee award is not guaranteed. The award is only permitted if the government's position was not "substantially justified." And the fees awarded are not unlimited—the plaintiff will only receive "reasonable" attorney's fees, which excludes fees for excessive time spent on the case and fees for clerical work. In his motion, Ayze says that he should be paid $7,740.10 for 36.28 hours of work by his

1

lawyer which resulted in his success against the government in this case.  The Social Security Administration objects and argues that Ayze cannot get the fee award because its position in this case was substantially justified.  Alternatively, the Administration insists that Ayze is asking for an unreasonable amount of attorney's fees, so this Court should reduce his proposed fee amount.

I recommend that Ayze receive an award of attorney's fees, but slightly less than he asks for.  The government's position in this case was not substantially justified.  In response to a cogent argument by Ayze which ultimately led to remand, the government ignored clear regulatory language and binding case law in favor of almost irrelevant arguments.  But Ayze cannot claim his full proposed fee award because several tasks in his lawyer's itemized statement were either partially or purely clerical work which the EAJA does not fund.  Ayze's Motion thus ought to be granted as to the fees the EAJA allows and denied as to the fees it does not.

## II.   PROCEDURAL HISTORY

This case arises from Ayze's initially unsuccessful application to receive disability benefits from the Social Security Administration.  Ayze applied for Social Security Disability Insurance and Supplemental Security Income in 2016.  *Administrative Record* ("*AR*") at 203–13.[1]  He claimed in his initial application that heart disease, diabetes, arthritis, and a back injury prevented him from working.  *AR* at 74–75.  Ayze later testified that anxiety, fatigue, pain, and swelling also contributed to his inability to work, *AR* at 40–41, and medical sources corroborated these symptoms.  *See AR* at 437–38.  Administrative Law Judge ("ALJ") Michael Leppala reviewed Ayze's benefits applications and the associated record, including a pre-hearing memorandum Ayze submitted explaining why he believed he should be awarded benefits.  *See AR* at 12 (Administration's notice of decision); 309–23 (pre-hearing memorandum).  In 2019, the

---

[1] Document 18-1 comprises the sealed Certified Transcript of the Administrative Record.  The Court cites the Record's internal pagination rather than the CM/ECF document number and page.

ALJ found that Ayze was not disabled as defined by the Social Security Act. *AR* at 12. In his view, although Ayze has several severe and non-severe impairments, Ayze could return to his previous relevant work as a Computer Assisted Drafter. *AR* at 22. The ALJ reached this conclusion based on findings he made about Ayze's residual functional capacity. *See AR* at 22. Those findings, however, failed to account for Ayze's non-severe impairments of diabetes, depression, and anxiety: the ALJ did not discuss those impairments while explaining Ayze's residual functional capacity. [*See* Doc. 27, p. 7] (explaining ALJ Leppala's error); *AR* at 19–22 (explaining Ayze's residual functional capacity findings). Ayze appealed to the Administration's Appeals Council and submitted a letter with several arguments explaining why he believed the ALJ reversibly erred. *AR* at 7–8; 324–33. The Appeals Council denied review in 2020. *AR* at 1–3.

      Ayze appealed to this Court in 2020 to reverse the Administration's decision and remand his case for further proceedings. [*See* Doc. 1]. Ayze argued among other things, that the ALJ's failure to discuss non-severe impairments while formulating Ayze's residual functional capacity was reversible error. [Doc. 23-1, 18–20]. The Commissioner made three arguments against reversal on that ground.[2] She first argued that the ALJ did not need to account for the non-severe impairments in his residual functional capacity findings because evidence did not show that they caused any functional limitations different from those caused by Ayze's severe impairments. [Doc. 23, p. 12–13]. No medical opinion in the record, she said, suggested that Ayze needed limitations beyond those the ALJ gave in his findings. [Doc. 23, p. 13]. Second, the Commissioner argued that the ALJ did not need to include additional limitations based on

---

[2] Parties filed their briefs on the remand issue when Andrew Saul was Commissioner. [*See* Docs. 23, 25–27]. Dr. Kilolo Kijakazi succeeded Saul as Acting Commissioner and currently holds that position. For consistency, the Court refers to the Commissioner with feminine pronouns throughout this opinion regardless of which Commissioner technically took the action discussed.

3

Ayze's non-severe impairments because they were medically stable, controlled with medication, and caused no more than minimal limitations on Ayze's ability to perform back work. [Doc. 23, p. 12–13]. Finally, she argued that the ALJ's explanation did not need to be as detailed as Ayze believed. [Doc. 23, p. 13]. In her view, the ALJ's explanation could be followed and was thus clear enough to survive review. [Doc. 23, p. 13] (citing *Davis v. Erdmann*, 607 F.3d 917, 919 n.1 (10th Cir. 1979)). This Court ruled for Ayze, reversing and remanding the Administration's decision. [*See* Docs. 27, p. 9 (recommending reversal); 28 (adopting Judge Ritter's recommendation)].

Ayze now comes before this Court as the prevailing party. He timely filed a motion asking for attorney's fees to be awarded under the Equal Access to Justice Act (EAJA) on October 7, 2021. [Doc. 30]. The Commissioner filed a response in opposition on October 21, 2021, [Doc. 33], and Ayze replied on November 4, 2021. [Doc. 34]. Briefing is thus complete. [*See* Doc. 35].

### III.   PARTIES' ARGUMENTS

#### a.   Substantially Justified Position

Ayze argues that the Administration's position was not substantially justified. It is the Commissioner's burden to show substantial justification. *See* 28 U.S.C. § 2412(d)(1)(A); *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007). That obligation applies both at the agency level and in litigation. *See* 28 U.S.C. § 2412(d)(2)(D). To meet her burden, the Commissioner must show that her position was "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). In Ayze's view, the ALJ's legal error in this case was so clearly contrary to the Administration's own regulations and rulings that the Commissioner cannot meet this burden. [*See* Doc. 31, p. 5; Doc. 34, p. 4].

4

The Commissioner disagrees. [Doc. 33, p. 2–3]. She defends the three separate arguments she made against remand, asserting that they were at least reasonable enough that the Administration's litigation position was substantially justified. [Doc. 33, p. 3–4]. The Commissioner also defends the agency-level position because the Court reversed the ALJ's decision based only on the ALJ's failure to clearly articulate why he denied benefits. [Doc. 33, p. 4]. In the Commissioner's view, a failure to articulate does not prevent the denial from being "fully justified." [Doc. 33, p. 4] (quoting *Hays v. Berryhill*, 694 F. App'x 634, 638 (10th Cir. 2017)). The Commissioner concludes that attorney's fees under the EAJA should thus be denied.

      b. <u>Reasonable Attorney Time</u>

Ayze asks for 36.28 hours' worth of attorney's fees at hourly rates set by the Administration's Office of General Counsel. [Doc. 31, p. 7]. The EAJA allows prevailing parties to sometimes recover "reasonable" attorney's fees. *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 581 (2008). Ayze states that his lawyer spent 36.28 hours on his appeal and cites a list of Social Security appeals in which federal courts have found between twenty and fifty-five hours' worth of fees to be reasonable. [Doc. 31, p. 6 n.3; Doc. 34, p. 6–7]. According to Ayze, those cases, especially the ones where between thirty and thirty-nine hours were found reasonable, are similar to his own case. [Doc. 34, p. 6–7]. Therefore, the Court should award fees for the full 36.28 hours spent.

The Commissioner agrees that the Office of General Counsel's recommended hourly rates are reasonable but insists that Ayze's attorney is billing for too many hours. [Doc. 33, p. 5]. She says Ayze's attorney should not have needed to spend 25.39 hours reviewing the administrative record and drafting briefs. [Doc. 33, p. 6]. The Commissioner points out that

Ayze's lawyer represented Ayze both during administrative proceedings and before this Court. [Doc. 33, p. 6]. The issues discussed in Ayze's pre-hearing memorandum and his letter to the Appeals Council were very similar according to the Commissioner, so a reasonable time spent on briefing before this Court would be shorter, and a reasonable attorney with prior familiarity with the record would not have needed so long to review it. [Doc. 33, p. 6–7]. The Commissioner also points out that the record in this case was "relatively small," with four-hundred seventy-one pages total and less than one-hundred thirty pages of medical records and opinions. [Doc. 33, p. 7]. She contrasts this case to several others in which more than forty hours of fees was found unreasonable despite over one-thousand pages in the record. [Doc. 33, p. 7] (citing *Dalton v. Berryhill*, 2018 WL 2694460 at *2–3 (D.N.M. June 5, 2018); *Christanelli v. Saul*, 2019 WL 6683866 at *6 (D.N.M. Dec. 6, 2019)). Finally, she argues that some of Ayze's billing entries reflect "clerical tasks," which she says should not be compensated with attorney's fees. [Doc. 33, p. 8] (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989); *Thomas v. Saul*, 2021 WL 89979 at *5 (D.N.M. Jan. 11, 2021) (unpublished)).

IV. **ISSUES PRESENTED**

(1) Was the Social Security Administration's position substantially justified?

(2) Is the amount of attorney time requested reasonable under the circumstances?

V. **ANALYSIS**

The Commissioner's litigation position was not substantially justified, thus the EAJA requires the Administration to pay Ayze's reasonable attorney's fees. However, Ayze cannot recover attorney's fees for his lawyer's clerical work. Because the itemized statement Ayze submitted reflects some clerical tasks, the Court exercises its discretion to reduce Ayze's fee award to exclude compensation for that work.

  a. <u>The Commissioner's litigation position was not substantially justified</u>

  In the Tenth Circuit, the government's position is substantially justified if (1) there was a reasonable basis for the facts alleged; (2) there was a reasonable basis in law for the theory propounded; and (3) the facts alleged reasonably supported the legal theory advanced. *Gatson v. Bowen*, 854 F.2d 379, 380 (10th Cir. 1988) (citing *United States v. 2,116 Boxes of Boned Beef*, 726 F.2d 1481, 1487 (10th Cir. 1984)). The government has the burden to show that its position both at the agency level and during litigation met this standard. *See* 28 U.S.C. § 2412(d)(2)(D); *Hackett*, 475 F.3d at 1172. Even if the Commissioner prevailed on all but one issue raised in the motion to remand, the Commissioner may still have taken an unreasonable position. *See Hackett*, 475 F.3d at 1173 n.1. Neither party disputes whether the Commissioner alleged accurate facts, nor whether the facts alleged supported her legal theories, so the Court focuses on whether the Commissioner's position in opposition to remand had a reasonable basis in law.

  On the issue which led to remand, I find her position did not have a reasonable basis in law. Compare the positions taken by Ayze and the Commissioner. Ayze argued in his merits brief that the ALJ erred by failing to consider his non-severe mental impairments. [Doc. 23-1, p. 19–20]. His argument relied on the plain language of a regulation which requires the Administration to "consider the limiting effects of all your impairment(s), even those that are not severe, in determining your residual functional capacity." 20 C.F.R. § 404.1545(e). His argument also relied on *Wells v. Colvin*, a case in which the Tenth Circuit held that an ALJ reversibly erred by summarily concluding the claimant's non-severe mental impairments did not result in any further limitations to the claimant's residual functional capacity, apparently just because they were non-severe. 727 F.3d at 1068. These are binding authorities which suggest that the ALJ reversibly erred, yet the Commissioner's merits brief ignored both. [*See* Doc. 25,

p. 8–12]. Instead, the Commissioner stated that the ALJ did not need to assess Ayze's non-severe impairments because: limitations based on them were not "supported by the record as a whole" [Doc. 25, p. 8] (citing *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000)); substantial evidence showed that Ayze's mental impairments caused only mild limitations [Doc. 25, p. 12]; and Ayze did not point to any specific functional limitations which could have stemmed from his mental impairments [Doc. 25, p. 12].

None of the Commissioner's arguments provided a substantial justification. Each one failed to explain why regulations and case law raised by Ayze having clear implications for his case should not compel his preferred result. When one party presents on-point law and the opposing party fails to rebut it, it is difficult to find the opposing party's position reasonable.

The Commissioner's arguments also contradicted each other. The Commissioner cited a holding which freed ALJs from considering alleged limitations with no support in the record (*See Qualls*, 206 F.3d at 1372), but later in the brief conceded that the ALJ found, based on his analysis of the record, that Ayze's mental impairments caused mild limitations. [Doc. 25, p. 12]. A mild limitation does not mean no limitation. *See Dorman v. Astrue*, 368 F. App'x 864, 865 (10th Cir. 2010) (unpublished). This was not a substantially justified position, thus the EAJA requires this Court to award attorney's fees to Ayze.

      b. <u>Ayze's requested attorney's fees are reasonable, except the fees for clerical tasks</u>

Prevailing parties requesting attorney's fees under the EAJA must show that the amount requested is reasonable. *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998) (explaining the reasonableness standard for attorney's fees in the context of 42 U.S.C. § 1988(b)). This applies to both the hourly fee and the number of hours for which the prevailing party will be compensated. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The

reasonableness of the hours worked is compared to what hours would be properly billed to a client in the private sector, and hours not reasonably expended should be excluded. *Id.* at 434. For this reason, overhead costs, duplicative work, and clerical work are not generally compensable under the EAJA. *See Villalobos v. Colvin*, 2016 WL 10179289, *2 (D.N.M. July 12, 2016) (unreported) (compiling cases). The Commissioner concedes that Ayze is the prevailing party and that his lawyer's hourly rate is reasonable, so I only address the amount of time for which Ayze asks to be compensated.

Overall, Ayze has carried his burden to show that he is requesting compensation for a reasonable number of attorney hours. The EAJA requires an itemized statement from the attorney stating the actual time expended on the case. 28 U.S.C. § 2412(d)(1)(B). Ayze produced that statement and, apart from the clerical tasks discussed below, the tasks and time spent are reasonable. [*See* Doc. 32-1]. Almost all tasks listed are work one would expect from an attorney in the course of representing his client, e.g., consulting the client, reviewing motions, briefing, and materials in the record, drafting and preparing attorney work product, etc. [*See* Doc. 32-1]. The only tasks which took over an hour were reviewing the Commissioner's briefs, legal research and writing, and reviewing this Court's Proposed Findings and Recommended Disposition on the merits. [Doc. 32-1]. Given the importance of briefing in a case that would ultimately be decided solely on briefs, it makes sense that several hours would be spent on these tasks. The total 36.28 hours spent is within the usual range for Social Security appeals in this jurisdiction, so it is not unreasonable on its face. *See Woodrum v. Colvin*, 2014 WL 3396069, *2 (E.D. Okla. July 9, 2014) (unpublished) ("In this Circuit, typical social security appeals require, on average, twenty to forty total hours of attorney time").

I am not convinced by the Commissioner's argument that Ayze's lawyer should have spent fewer hours working up the case based on his familiarity with the agency proceedings. Ayze's hearing before the ALJ was in August 2018 (*AR* at 28–71), and the ALJ issued a decision in January 2019 (*AR* at 12). His appeal to the Appeals Council was rejected in February 2020. *AR* at 1–3. Ayze sued the Commissioner in April 2020 [*see* Doc. 1] and the Commissioner did not answer until about eight months later in January 2021. [Doc. 18]. Ayze filed his motion to remand in March 2021 [Doc. 23], nearly a year after he filed suit and over two years since administrative proceedings ended. In total, Ayze's attorney spent 3.8 hours on tasks that involved reviewing the administrative record. [Doc. 32-1].[3] Given the length of time between the end of the administrative proceedings and the beginning of briefing, I find this was a reasonable amount of time to spend on those tasks.

Nor am I convinced of the Commissioner's argument that Ayze's attorney spent an unreasonable amount of time briefing the motion to remand because he filed briefs at the agency level, as those writings were substantively and stylistically different from the remand brief. The remand brief is nine pages longer than the pre-hearing memorandum (both are double-spaced) and focused on legal analysis, whereas the pre-hearing memorandum focused on persuading the ALJ to follow recommendations from favorable medical sources. *See AR* at 309–23. Meanwhile, although Ayze's letter to the Appeals Council and his remand brief had some content in common, the remand brief contained several new arguments. *See AR* at 324–33. These new arguments included Ayze's point about the ALJ's failure to consider non-severe impairments which succeeded before this Court. [*See* Doc. 23-1, p. 18–20]. The 21.99 hours

---

[3] This consisted of two tasks listed on the itemized statement. On January 13, 2021, Ayze's attorney spent 0.5 hours on "[r]eview of filed transcript[.]" [Doc. 32-1] (bracketed text added). On February 9, 2021, he spent 3.3 hours on "[r]eview of transcript and prep[aration] of outline, phone conf[erence with] client[.]" [Doc. 32-1] (bracketed text added).

Ayze's attorney spent briefing the merits of this case were thus not unreasonable nor duplicative of past work and should be compensated.[4]

However, I find that Ayze also requests compensation for some of his lawyer's clerical work and I deny his request as to those tasks.  Filing documents with the Court is a clerical task that cannot be compensated as attorney's fees under the EAJA.  *Dalles Irrigation Dist. v. United States*, 91 Fed. Cl. 689, 708 (2010).  Ayze's itemized statement includes filing alongside legal work, so the Court cannot precisely determine how much of that time was not compensable.  I therefore exercise my discretion under 28 U.S.C. § 2412(d)(1)(D) to reduce Ayze's compensation by 0.1 hours for each entry on the itemized statement showing "filing" alongside legal work, resulting in a reduction of 0.1 hours in 2020 and 0.3 hours in 2021.[5]  Checking or reviewing notices and other routine filings on the docket is also purely clerical work.  *White v. Barnhart*, 2006 WL 2433835, *6 (E.D. Pa. Aug. 18, 2006) (unpublished) (holding that "docketing, directing service and preparing client letters" are non-compensable clerical work).  Short "reviews" of docket events, such as the assignment of judges, attorney appearances, and deadline notices are no more than looking at the docket or at a document.  I therefore exclude 0.5 hours of purely clerical work in 2020 from Ayze's attorney's fees award, and 0.1 hours in 2021.[6]

---

[4] The following entries on Ayze's itemized statement reflect time spent researching, outlining, and briefing this case: 02/09/2021, "Review of transcript and prep[aration] of outline, phone conf[erence] w[ith] client," 3.3 hours; 02/12/2021, "Prep[aration] of Motion to Remand and outline of brief," 2.3 hours; 02/12/2021, "Legal research," 2.75 hours; 02/16/2021, "Prep[aration], rough draft of brief," 3.2 hours; 02/18/2021, "Review of brief, editing and corrections," 1.92 hours; 05/18/2021, "Research of cases cited in Defendant's Responsive Brief; prep[aration] of Reply rough draft," 2.17 hours; 05/19/2021, "Prep[aration] of Reply," 3.75 hours; 05/25/2021, "Review of Brief with corrections and filing," 2.6 hours.  [Doc. 32-1] (bracketed text added).

[5] These tasks were listed as follows: 04/14/2020, "Review and filing of Fed[eral] C[ourt] pleadings," 0.18 hours; 03/07/2021, "Review of Motion and Memorandum and filing," 0.75 hours; 05/25/2021, "Review of Brief with corrections and filing," 2.6 hours; and 10/2021, "Review, revisions and filing of EAJA Motion, Affidavit, etc.," 0.75 hours.  [Doc. 32-1] (bracketed text added).

[6] These tasks were listed as follows: 04/14/2020, "Review of Judge Robbenhaar assignment," 0.1 hours; 06/15/2020, "Review of issued summons," 0.1 hours; 07/10/2020, "Returns of service reviewed," 0.1 hours; 07/16/2020, "Review of Noticed of appearance by U.S. Att[orney] and Special Assistant U.S. Att[orney]," 0.05 hours; 08/25/2020, "Review of Notice of Consent Submission Deadline," 0.05 hours; 09/04/2020, "Review of Order Granting Extension," 0.05 hours; 09/16/2020, "Review of Judge reassignment to Judge Browning & Judge Ritter,"

I also subtract 0.1 hours from each task in which Ayze's attorney intermingled such clerical tasks with legal work, resulting in a further reduction of 0.3 hours in 2020.[7] In total, I subtract 0.9 hours' worth of compensation from 2020 and 0.4 hours from 2021.

Subtracting non-compensable time from the requested 36.28 hours and multiplying the compensable time by the agreed upon hourly rates, I find that Ayze is owed attorney's fees as follows:

|      | Total time | Compensable time | Compensation |
|------|------------|------------------|--------------|
| 2020 | 3.97       | 3.07             | $ 638.56     |
| 2021 | 32.31      | 31.91            | $ 6,828.74   |
|      |            |                  | $ 7,467.30   |

The Court should thus award $7,467.30 in attorney's fees to Ayze.

## VI.    RECOMMENDATION

Wherefore, **IT IS HEREBY RECOMMENDED** that Plaintiff Ayze's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act [Doc. 30] be **granted in part** and **denied in part**.

_____
Jerry H. Ritter
U.S. Magistrate Judge

---

0.05 hours; 01/06/2021, "Review of Order to Seal Admin[istrative] Record and Order Setting Briefing Schedule," 0.05 hours; 05/04/2021, "Review of Substitution of Counsel Notice," 0.05 hours. [Doc. 32-1] (bracketed text added).

[7] These tasks were listed as follows: 04/15/2020, "Review of Order granting client's [in forma pauperis] Motion and call to client; Review of Order for Service of Process," 0.2 hours; 11/05/2020, "Consult with US Att[orney] re: 2nd Extension to Answer and Administrative Record and Review of Motion[,] Review of Extension Order," 0.3 hours; 11/05/2020, "Review of Judge's Order referring [Social Security] case to Judge Ritter for [Proposed Findings and Recommended Disposition,] Call to client re: change of Judges," 0.4 hours. [Doc. 32-1] (bracketed text added).