IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM M. AYZE,

    Plaintiff,

vs.                                                                                                   No. CIV 20-0338 JB/JHR

KILOLO KIJAKAZI, Acting Commissioner
of the Social Security Administration,

    Defendant.

**MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition, filed November 17, 2022 (Doc. 36)("PFRD"). In the PFRD, the Honorable Jerry H. Ritter, United States Magistrate Judge for the United States District Court for the District of New Mexico, recommends granting in part and denying in part Plaintiff William M. Ayze's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412, filed October 7, 2021 (Doc. 30)("Motion"). See PFRD at 1. Judge Ritter notified the parties that written objections to the PFRD were due within fourteen days. Neither party filed objections, and the December 1, 2022, deadline for filing objections has passed. Accordingly, the Court will adopt the PFRD, and grant in part and deny in part the Motion. The Court will therefore: (i) adopt the PFRD; (ii) grant in part and deny in part the Motion; (iii) award Ayze $7,467.30 in fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"); and (iv) if Ayze's counsel receives attorney's fees and costs under both the EAJA and 42 U.S.C. § 406(b) of the Social Security Act, then Ayze's counsel shall refund the smaller award to Ayze.
.

## LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDATIONS

District courts may refer dispositive motions to a Magistrate Judge for a recommended disposition. See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . ."); 28 U.S.C. § 636(b)(1)(B). Rule 72(b)(2) of the Federal Rules of Civil Procedure governs objections to a Magistrate Judge's recommended disposition: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). See 28 U.S.C. § 636(b)(1). When resolving objections to a Magistrate Judge's recommended disposition, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute." United States v. 2121 E. 30th St., Tulsa, Okla., 73 F.3d 1057, 1059 (10th Cir. 1996)("2121 E. 30th St.")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)). As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's

Act,[1] including judicial efficiency." 2121 E. 30th St., 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit holds "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." 2121 E. 30th St., 73 F.3d at 1060. "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, ha[s] adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" 2121 E. 30th St., 73 F.3d at 1059 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)). "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act." 2121 E. 30th St., 73 F.3d at 1060. In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). In an unpublished opinion, the Tenth Circuit states that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished).[2]

---

[1] Congress enacted the Federal Magistrates Act, 28 U.S.C. §§ 631-39, in 1968.

[2] Pevehouse v. Scibana is an unpublished Tenth Circuit opinion, but the Court can rely on an unpublished Tenth Circuit opinion to the extent its reasoned analysis is persuasive in the case

In 2121 East 30th Street, the Tenth Circuit, in accord with other Courts of Appeals, expanded the waiver rule to cover objections that are timely but too general. See 73 F.3d at 1060. The Supreme Court of the United States of America – in the course of approving the United States Court of Appeals for the Sixth Circuit's use of the waiver rule – notes:

> It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings. The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review the district court should perform when no party objects to the magistrate's report. See S. Rep. No. 94-625, pp. 9-10 (1976)(hereinafter Senate Report); H.R. Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereinafter House Report). There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate. Moreover, the Subcommittee that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates. Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding or ruling on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time." See Jurisdiction of United States Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975)(emphasis added)(hereinafter Senate Hearings). The Committee also heard Judge Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice. See id. at 11 ("If any objections come in . . . I review [the record] and decide it. If no objections come in, I merely sign the magistrate's order."). The Judicial Conference of the United States, which supported the de

---

before it. See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that Pevehouse v. Scibana has persuasive value with respect to a material issue and will assist the Court in its disposition of this Memorandum Opinion and Order.

> novo standard of review eventually incorporated in § 636(b)(1)(C), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report. *See* Senate Hearings, at 35, 37.  Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review.  There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed.  It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort.  We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 150-52 (footnotes omitted).

The Tenth Circuit also notes, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" 2121 E. 30th St., 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d at 659 ("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations.")).  Cf. Thomas v. Arn, 474 U.S. at 154 ("Any party that desires plenary consideration by the Article III judge of any issue need only ask.  [A failure to object] does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard.").  In 2121 East 30th Street, the Tenth Circuit notes that the district judge had decided sua sponte to conduct a de novo review despite the objections' lack of specificity, but the Tenth Circuit holds that it would deem the issues waived on appeal, because waiver would advance the interests underlying the waiver rule.  See 73 F.3d at 1060-61 (citing cases from other Courts of Appeals where district courts elected to address merits despite potential application of waiver rule, but Courts of Appeals opted to enforce waiver rule).

When a party files timely and specific objections to a Magistrate Judge's PFRD, "on . . . dispositive motions, the statute calls for a de novo determination, not a de novo hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980). The Tenth Circuit states that a de novo determination, pursuant to 28 U.S.C. § 636(b), "requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation." In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995). The Supreme Court notes that, although a district court must make a de novo determination of the objections to recommendations under 28 U.S.C. § 636(b)(1), the district court is not precluded from relying on the Magistrate Judge's PFRD. See United States v. Raddatz, 447 U.S. at 676 ("[I]n providing for a 'de novo determination' rather than de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." (source of quoted material not cited)); Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cnty., Okla., 8 F.3d 722, 724-25 (10th Cir. 1993)(holding that the district court's adoption of the Magistrate Judge's "particular reasonable-hour estimates" is consistent with a de novo determination, because "the district court 'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate'" (quoting 28 U.S.C. § 636(b)(1))(emphasis in Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cnty., Okla., but not in 28 U.S.C. § 636(b)(1))). "Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." Andrews v. Deland, 943 F.2d 1162, 1170 (10th Cir. 1991)(quoting United States v. Raddatz, 447 U.S. at 676).

Where no party objects to the Magistrate Judge's PFRD, the Court has, as a matter of course in the past, and in the interests of justice, reviewed the Magistrate Judge's recommendations. For

example, in Thurlo v. Guiding Star LLC, No. CIV 12-0889, 2012 WL 5378963 (D.N.M. September 26, 2012)(Browning, J.), the Court conducts a review even where the plaintiff failed to respond to the Magistrate Judge's PFRD, although the Court determines that the plaintiff "has waived his opportunity for the Court to conduct review of the factual and legal findings in the PFRD." 2012 WL 5378963, at *3. The Court generally does not review, however, the Magistrate Judge's PFRD de novo or determine independently necessarily what it would do if the issues had come before the Court first, but rather adopts the PFRD where "[t]he Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, [obviously³] contrary to law, or an abuse of discretion." Thurlo v. Guiding Star LLC, 2012 WL 5378963, at *3. This

---

³The Court previously used as the standard for review when a party does not object to the Magistrate Judge's PFRD whether the recommendation is "clearly erroneous, arbitrary, contrary to law, or an abuse of discretion," thus omitting "obviously" in front of "contrary to law." Solomon v. Holder, No. CIV 12-1039, 2013 WL 499300, at *4 (D.N.M. January 31, 2013)(Browning, J.)(adopting the recommendation to which there was no objection, stating: "The Court determines that the PFRD is not clearly erroneous, arbitrary, contrary to law, or an abuse of discretion, and accordingly adopts the recommendations therein."); O'Neill v. Jaramillo, No. CIV 11-0858, 2013 WL 499521, at *7 (D.N.M. January 31, 2013)(Browning, J.)("Having reviewed the PRFD under that standard, the Court cannot say that the Magistrate Judge's recommendation is clearly erroneous, arbitrary, contrary to law, or an abuse of discretion. The Court thus adopts Judge Wormuth's PFRD.")(citing Workheiser v. City of Clovis, No. CIV 12-0485, 2012 WL 6846401, at *3 (D.N.M. December 28, 2012)(Browning, J.)); Galloway v. JP Morgan Chase & Co., No. CIV 12-0625, 2013 WL 503744, at *4 (D.N.M. January 31, 2013)(Browning, J.)(adopting the Magistrate Judge's recommendations upon determining that they were not "clearly contrary to law, or an abuse of discretion."). The Court concludes that "contrary to law" does not reflect accurately the deferential standard of review that the Court intends to use when there is no objection. Finding that a Magistrate Judge's recommendation is contrary to law would require the Court to analyze the Magistrate Judge's application of law to the facts or the Magistrate Judge's delineation of the facts -- in other words performing a de novo review, which is required only when a party objects to the recommendations. The Court concludes that adding "obviously" better reflects that the Court is not performing a de novo review of the Magistrate Judges' recommendations. Going forward, therefore, the Court will review, as it has done for some time now, Magistrate Judges' recommendations to which there are no objections for whether the recommendations are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.

review, which is deferential to the Magistrate Judge's work when there are no objections, nonetheless provides some review in the interest of justice, and is more consistent with the waiver rule's intent than no review at all or a full-fledged review.  Accordingly, the Court considers this standard of review appropriate.  See Thomas v. Arn, 474 U.S. 140, 151 (1985)("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate.").  The Court is reluctant to have no review at all if its name is going to go at the bottom of the order adopting the Magistrate Judge's PFRD.

**ANALYSIS**

The Court has reviewed the PFRD to determine whether it is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, because neither party objected to the PFRD.  The Court concludes that the PFRD is not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.  The Court will thus: (i) adopt the PFRD; (ii) grant in part and deny in part the Motion; and (iii) award Ayze $7,467.30 in fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA").  See Astrue v. Ratliff, 560 U.S. 586, 591 (2010)(explaining that EAJA fees are paid to the prevailing party rather than the attorney).

**IT IS ORDERED** that: (i) The Magistrate Judge's Proposed Findings and Recommended Disposition, filed November 17, 2022 (Doc. 36), are adopted; (ii) the Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412, filed October 7, 2021 (Doc. 30), is granted in part and denied in part; (iii) Plaintiff William M. Ayze is awarded $7,467.30 in fees costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"); and (iv) if Ayze's counsel receives attorney's fees and costs under both the EAJA and 42 U.S.C.

§ 406(b) of the Social Security Act, Ayze's counsel shall refund the smaller award to Ayze pursuant to Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Victor Roybal, Jr.
Law Offices of Victor Roybal, Jr.
Albuquerque, New Mexico

    *Attorney for Plaintiff*

Melissa Schuenemann
Jennifer Ann Randall
Social Security Administration
Denver, Colorado

--and--

Alexander M. M. Uballez
  United States Attorney
Manuel Lucero
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

    *Attorneys for the Defendant*